**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

TIMOTHY LEE UNGARO
ADC # 137198                                                                                          PLAINTIFF

V.                                  CASE NO. 5:11CV00251 SWW/BD

RAY HOBBS                                                                                             DEFENDANT

**RECOMMENDED DISPOSITION**

**I.**     **Procedure for Filing Objections:**

This Recommended Disposition ("Recommendation") has been sent to United States District Judge Susan Webber Wright. Any party may file written objections to this Recommendation.

Objections must be specific and must include the factual or legal basis for the objection. An objection to a factual finding must identify the finding of fact believed to be wrong and describe the evidence that supports that belief.

An original and one copy of your objections must be received in the office of the United States District Court Clerk within fourteen (14) days of this Recommendation. A copy will be furnished to the opposing party.

If no objections are filed, Judge Wright can adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may also waive any right to appeal questions of fact.

>Mail your objections and "Statement of Necessity" to:
>
>>Clerk, United States District Court
>>Eastern District of Arkansas
>>600 West Capitol Avenue, Suite A149
>>Little Rock, AR 72201-3325

## II.    Discussion:

Plaintiff Timothy Lee Ungaro, an Arkansas Department of Correction ("ADC") inmate, filed this case under 42 U.S.C. § 1983, and is proceeding pro se. Mr. Ungaro claims that he has suffered serious injuries as a result of the hard labor that he has been forced to endure during his incarceration in the ADC. He alleges that he has sustained joint, muscle, and tendon damage to his right wrist and shoulder, and that he now has an enlarged hernia.

In his original complaint, Mr. Ungaro named Ray Hobbs as the sole Defendant. Because Mr. Ungaro failed to include any facts for the Court to conclude that Mr. Hobbs was aware of any physical limitation that Mr. Ungaro has, or had, or whether he was aware that Mr. Ungaro was being forced to perform jobs beyond his capacity, he was instructed to amend his complaint. Mr. Ungaro has now filed his amended complaint.

In his amended complaint, Mr. Ungaro states that he has sued the wrong person in this lawsuit. He also explains that he has now reviewed the Arkansas Department of Correction grievance procedure and will begin the exhaustion process for the claims that he has raised in this case. Because Mr. Ungaro admits he has not grieved any of the claims included in this lawsuit, the Court recommends that Mr. Ungaro's case be

DISMISSED without prejudice to his right to refile, after he has exhausted his administrative remedies.

Federal courts screen prisoner complaints that seek relief from a government entity, officer, or employee. A complaint that raises claims upon which relief cannot be granted is subject to dismissal. 28 U.S.C § 1915A(b).

The Prison Litigation Reform Act requires that prisoners exhaust all "available" remedies before filing suit under 42 U.S.C. § 1983. 42 U.S.C. § 1997e(a); *Booth v. Churner*, 532 U.S. 731, 738, 121 S.Ct. 1819 (2001)(holding that available remedies "must be exhausted before a complaint under § 1983 may be entertained"). For purposes of § 1983, an "available remedy" is one that is "capable of use for the accomplishment of a purpose; immediately utilizable [and] accessible." If exhaustion is not complete by the time a lawsuit is filed, the Court must dismiss it. *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003).

Here, because Mr. Ungaro concedes that he has not exhausted his administrative remedies as required, he cannot prevail on a claim brought under 42 U.S.C. § 1983. Allowing Mr. Ungaro to proceed on his constitutional claims at this time would be futile.

### III.  Conclusion:

The Court recommends that Mr. Ungaro's claims be DISMISSED, without prejudice. The Court also recommends that the Court certify that an *in forma pauperis* appeal of this dismissal would be frivolous and not taken in good faith.

DATED this 21st day of October, 2011.

                                                                      /s/ Beth Deere
                                                    UNITED STATES MAGISTRATE JUDGE